IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-457 (RGA)(CJB) |
| ) | |
| ROXANE LABORATORIES, INC., ) | **EXHIBIT B FILED SEPARATELY** |
| ) | **UNDER SEAL** |
| Defendant. ) | |

## ABBOTT'S MOTION TO SUBSTITUTE ABBVIE AS PLAINTIFF IN THIS ACTION

Pursuant to Fed. R. Civ. P. 25(c), Plaintiff Abbott Laboratories ("Abbott") hereby moves to substitute AbbVie Inc. ("AbbVie") as plaintiff in this action. AbbVie consents to this motion.

On April 10, 2012 Abbott sued Roxane for infringement of patents relating to its successful HIV medication, Norvir® tablets, in this Court (D.I. 1). Abbott filed an amended complaint April 11, 2012 (D.I. 8), alleging that Roxane's filing of its Abbreviated New Drug Application ("ANDA") No. 202573, infringed U.S. Patent Nos. 7,148,359 B2 ("the '359 patent), 7,364,752 B1 ("the '752 patent"), and 5,648,497 ("the '497 patent"), 6,037,157 ("the '157 patent"), and 6,703,403 B2 ("the '403 patent"). At the time of filing of the Complaint (and Amended Complaint) and as alleged in those pleadings, Abbott was the owner by assignment of all five patents in suit.[1]

---

[1] Abbott has moved to dismiss from this action the '359 and '752 patents (D.I. 24). That motion was filed following a decision by the Court in the Southern District of Ohio denying Abbott motion to dismiss or, in the alternative, to transfer an anticipatory declaratory judgment suit on only the '359 and '752 patents filed in that Court by Roxane just hours before Abbott filed its Complaint. Roxane's motion to transfer to the Southern District of Ohio (D.I. 13) also is pending. The Ohio Court denied Roxane's Motion to enjoin Abbott

(Continued . . .)

As Abbott informed the Court in its letter of August 28, 2012 (D.I. 31), and as was publicly announced in October 2011 (*see* Exhibit A), Abbott is undergoing a major reorganization of its worldwide business operations whereby it is separating into two publicly traded companies, one in research-based pharmaceuticals and the other in diversified medical products. AbbVie Inc., which is a Delaware corporation and a wholly-owned subsidiary of Abbott, is the new research-based pharmaceutical company, and will include Abbott's current portfolio of proprietary pharmaceuticals and biologics. (The diversified medical products company, which will retain the Abbott name, will consist of Abbott's existing diversified medical products portfolio.)  When the separation is completed later this year, AbbVie will be a separate, stand-alone company and will carry forward what is currently Abbott's research-based pharmaceutical business.  To further that separation, on August 1, 2012, the patents involved in this case, pertaining to various aspects of the drug Norvir®, were assigned to AbbVie as part of this reorganization.  (Exhibit B.)

Given this change in patent ownership, under Rule 25(c), AbbVie should be substituted for Abbott as plaintiff.  *See General Battery Corp. v Globe-Union, Inc.*, 100 F.R.D. 258, 262-63 (D. Del. 1982) ("Rule 25(c) permits the court to continue to hear a case where the action survives but the original party has transferred interest in the litigation to another.  Rather than require the assignee to initiate a new action, the rule enables the court to continue the action with the assignee joined with or in the place of the original party."); *see also Affinion Loyalty*

---

(. . . continued)
from proceeding with this Court's action on August 21, 2012 (*see* D.I. 30).  Given that all five patents currently pending were assigned to AbbVie, the disposition of Abbott's Motion to Dismiss the claims and counterclaims related to those patents (D.I. 24) should have no bearing on the instant Motion.

*Group v Maritz, Inc.,* 2006 WL 1431065 (D. Del. 2006); *Eastman Chem. Co. v. Alphapet, Inc.,* Civ. A. No. 09-971-LPS-CJB, slip op. at 5 (D. Del. Dec. 9, 2011).

Service of the Motion to Substitute AbbVie as Plaintiff has been effected in accordance with Rule 25(c) and (a)(3).  A proposed form of order is attached.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
Mary B. Graham (#2256)
Maryellen Noreika (#3208)
Derek J. Fahnestock (#4705)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
mnoreika@mnat.com
dfahnestock@mnat.com
  *Attorneys for Abbott Laboratories*
  *and AbbVie Inc.*

OF COUNSEL:

Barbara R. Rudolph
Jennifer A. Johnson
Mindy L. Ehrenfried
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC  20001-4413
(202) 408-4000

August 29, 2012
6336232

**RULE 7.1.1 CERTIFICATION**

On August 29, 2012, Abbott informed the Court and Roxane by letter (D.I. 31) and discussed with Roxane's counsel that Abbott wished to substitute AbbVie Inc. as plaintiff in this action because the patents in suit were assigned by Abbott to AbbVie effective August 1, 2012.  Roxane has not agreed and has indicated its disagreement by filing today a motion to dismiss for lack of subject matter jurisdiction (D.I. 32).  (Abbott submits that there is no basis for Roxane's motion and will be opposing it.)

Dated:  August 29, 2012

*/s/ Mary B. Graham*
Mary B. Graham (#2256)

6336913

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 12-457 (RGA)(CJB) |
| ROXANE LABORATORIES, INC., | ) ) ) |
| Defendant. | ) |

**[PROPOSED] ORDER**

Having considered the Motion To Substitute AbbVie As Plaintiff In This Action, and pursuant to Fed. R. Civ. P. 25(c), IT IS HEREBY ORDERED this ___ day of _____, 2012 that this motion is granted and AbbVie Inc. is hereby substituted for Abbott Laboratories as Plaintiff in this action.

_____           _____
DATE                                                UNITED STATES MAGISTRATE JUDGE